LANDRIEU, Judge,
respectfully dissents.
The majority finds that a fact, material to the question of whether Mrs. Davila was *494 “actively at work” when group term life insurance was scheduled to take effect, remains at issue. Although it is suggested that “some work in connection with a hospital committee” may qualify Mrs. Davila as “actively at work” as intended by and understood from the policy, the majority seeks to bolster its position by noting that the evidence indicates she could have resumed work sometime between the effective date of the policy and her death. They find solace in the conclusion that “[sjurely had she known about this policy provision she would have resumed work for a day or so and defendant would have no, basis on which to contest coverage.”
Mrs. Davila’s activities simply do not support plaintiffs contention that she was “actively at work” within the meaning of the policy after its effective date. Without reference to the specific policy provision, committee work and a meeting fail to meet even the plain meaning of the term.
Since one who can work actively is presumably an insurable risk, the “actively at work” provision of the policy is a standard requirement for eligibility under group insurance plans. It is one of the only methods by which a life insurer can establish evidence of insurability for a group of employees, when they are not required to submit more specific health information or undergo a medical examination for eligibility. Credeur v. Continental Assurance Co., et al., 502 So.2d 214, 218 (La.App. 3d Cir.) writ denied 503 So.2d 497 (La.1987) (citing Neilson v. Home Life Insurance Co., 235 So.2d 151 (La.App. 4th Cir.1970)).
The policy provision was designed to exclude from group coverage an employee such as Mrs. Davila, who was not at work because of pre-existing medical conditions. A finding of coverage by the court should not be based on her ability to circumvent this requirement by “resum[ing] work for a day or so,” particularly when she did not do so.
Furthermore, these facts do not support a claim for negligent misrepresentation, which requires (1) a legal duty on the part of the defendant to supply correct information, (2) a breach of that duty, and (3) damage to plaintiff as a result of that breach. Beal v. Lomas and Nettleton Co., et al., 410 So.2d 318, 321 (La.App. 4th Cir.1982). From a review of the cases in which liability has been found, it is apparent that the required damage occurs when an injured party detrimentally changes his position in response to misrepresentation. In this case, there is certainly no showing that Mrs. Davila changed her position detrimentally in response to any representation or lack of representation by agents of the insurance company. The record does not suggest that she gave up existing coverage to obtain the group term life policy from U.S. Life or that she intended to apply or could have qualified for an independent life insurance policy at that time. In fact, a different course of action simply does not appear to have been available to Mrs. Davi-la.
Accordingly, I would affirm the summary judgment granted in favor of the defendant, U.S. Life.